**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

KEVIN D. FISHER, a natural person,

                      Plaintiff,

    v.

CHRISTOPHER RADKO, a natural person,

RAUCH CORPORATION
          a North Carolina Corporation,

                   Defendants.

_____

**COMPLAINT**

# 07 CIV. 9239

Index No.: _____

## JUDGE ROBINSON

**JURY TRIAL**
**DEMANDED**

### JURISDICTION AND VENUE

1.  This is a civil action for damages for copyright infringement under the
    Copyright Act (17 U.S.C. § 101 et seq.) and unjust enrichment.

2.  This Court has jurisdiction over this action under 28 U.S.C. 1331 and 1338.

3.  Venue is proper in this District under 28 U.S.C. 1391(b) in that a
    substantial part of the acts of infringement complained of herein occurred
    in New York and in this District, and Defendants either reside and/or
    conduct business in New York and in this District.

## THE PARTIES

4. Kevin D. Fisher, the Plaintiff herein, is an individual residing in Amsterdam, New York; he is an artist and graphic designer whose self-directed or freelance work concentrates on holiday themes.

5. Christopher Radko, Defendant(1) herein, is a famous designer of Christmas tree and other blown glass ornaments and, upon information and belief, he has associated with Rauch Corporation, Defendant(2) herein, for the purposes of marketing, manufacturing, distributing and selling blown-glass ornaments, specifically Christmas ornaments. Mr. Radko, upon information and belief, resides and/or has a place of business in Tarrytown, New York.

6. Upon information and belief, defendant Rauch Corporation (Defendant2) is a North Carolina Corporation with a principal place of business in Gastonia, NC, and currently owns or partially owns and operates CHRISTOPHER RADKO, a division of the Corporation engaged in the design, manufacture, distribution and sale of blown-glass ornaments, specifically Christmas ornaments, that have the approval or imprimatur of Christopher Radko (Defendant1). William H. Goff, Jr., of Terrell, NC, is indicated on the rolls of the North Carolina Secretary of State as the Registered Agent of the Corporation (Exhibit 1). Rauch Corporation, upon information and belief, sells and distributes Christopher Radko ornaments in New York.

## GENERAL STATEMENT OF FACTS

7.  Plaintiff repeats and re-alleges Paragraphs 1-6 as if fully set forth herein.

8.  Plaintiff is the artist of an original rendition of Santa Claus entitled
    FLIGHT OF SAINT NICHOLAS (Exhibit 2), for which a valid
    Certificate of Copyright Registration has been issued by the Register of
    Copyrights to Plaintiff as Registration VA 1-412-320 (Exhibit 4a).
    FLIGHT OF SAINT NICHOLAS is marketed and sold by Plaintiff both
    online and offline. The work was originally published in October, 1998 as a
    lithographic print.

9.  Plaintiff is the artist of an original rendition of Saint Nicholas entitled
    EMERALD FROST (Exhibit 3), for which a valid Certificate of Copyright
    Registration has been issued by the Register of Copyrights to Plaintiff as
    Registration VA 1-412-319 (Exhibit 4b). A lithographic rendition of
    EMERALD FROST is marketed and sold by Plaintiff. The work was
    originally published in October, 2000 as a lithographic print.

10. Plaintiff has held valid copyright under 17 U.S.C. 102(a)(5) in FLIGHT OF
    SAINT NICHOLAS (Exhibit 2) since he placed his rendition into a
    tangible medium in October 1998, and in EMERALD FROST (Exhibit 3)
    since he placed his rendition into a tangible medium in October 2000.

11. There is not and has never been any licensing or other agreement, or assignment of copyright regarding FLIGHT OF SAINT NICHOLAS (Exhibit 2) or EMERALD FROST (Exhibit 3) in place between Plaintiff and Defendants.

12. Defendant1 is aware of Plaintiff's work because, for five (5) consecutive years, namely 1997 through 2001, Plaintiff participated in and won a competition that Defendant1 holds annually for artists working with Christmas themes. That competition requires that artists assign copyright to Defendant1 for works entered into the competition. Plaintiff never entered THE FLIGHT OF SAINT NICHOLAS or EMERALD FROST into Defendant1's competition.

13. Defendant1 Christopher Radko had access to Plaintiff's unique and original artwork in THE FLIGHT OF SAINT NICHOLAS and EMERALD FROST (Exhibits 2 and 3, respectively) at a public exhibition of Plaintiff's work in 2002.

14. Defendant1 Christopher Radko had access to Plaintiff's unique and original artwork in THE FLIGHT OF SAINT NICHOLAS (Exhibit 2) when Plaintiff applied for a job with Defendant1 and used a rough sketch of the work (then in progress) as part of his supporting portfolio.

## COUNT ONE:

## COPYRIGHT INFRINGEMENT

### (as to Christopher Radko)

15. Plaintiff repeats and re-alleges Paragraphs 1 through 14 as if fully set forth herein.

16. Plaintiff is, and has at all times been, the copyright owner of exclusive rights in and to THE FLIGHT OF SAINT NICHOLAS and EMERALD FROST (Exhibits 2 and 3).

17. Plaintiff is informed and believes that Defendant1 has designed, produced, marketed, distributed and sold within the United States, in conjunction with Rauch Corporation, a blown-glass ornament (Exhibit 5) that is substantially similar to Plaintiff's unique and original rendition of FLIGHT OF SAINT NICHOLAS (Exhibit 2) without Plaintiff's permission, and has misappropriated the character and uniqueness of Plaintiff's artwork.

18. Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## COUNT TWO:

## COPYRIGHT INFRINGEMENT

### (as to Christopher Radko)

19. Plaintiff repeats and re-alleges Paragraphs 1 through 18 as if fully set forth herein.

20. Plaintiff is, and has at all times been, the copyright owner of exclusive rights in and to THE FLIGHT OF SAINT NICHOLAS and EMERALD FROST (Exhibits 2 and 3).

21. Plaintiff is informed and believes that Defendant1 has designed, produced, marketed, distributed and sold within the United States, in conjunction with Rauch Corporation, a blown-glass ornament (Exhibit 6) that is substantially similar to Plaintiff's unique and original rendition of EMERALD FROST (Exhibit 3) without Plaintiff's permission, and has misappropriated the character and uniqueness of Plaintiff's artwork.

22. Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

# COUNT THREE:
# COPYRIGHT INFRINGEMENT
## (as to Rauch Corporation)

23. Plaintiff repeats and re-alleges Paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff is, and has at all times been, the copyright owner of exclusive rights in and to THE FLIGHT OF SAINT NICHOLAS and EMERALD FROST (Exhibits 2 and 3).

25. Plaintiff is informed and believes that Defendant2 has designed, produced, marketed, distributed and sold within the United States, in conjunction with Christopher Radko, a blown-glass ornament (Exhibit 5) that is substantially similar to Plaintiff's unique and original rendition of FLIGHT OF SAINT NICHOLAS (Exhibit 2) without Plaintiff's permission, and has misappropriated the character and uniqueness of Plaintiff's artwork.

26. Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## COUNT FOUR:

## COPYRIGHT INFRINGEMENT

### (as to Rauch Corporation)

27. Plaintiff repeats and re-alleges Paragraphs 1 through 26 as if fully set forth herein.

28. Plaintiff is, and has at all times been, the copyright owner of exclusive rights in and to THE FLIGHT OF SAINT NICHOLAS and EMERALD FROST (Exhibits 2 and 3).

29. Plaintiff is informed and believes that Defendant2 has designed, produced, marketed, distributed and sold within the United States, in conjunction with Christopher Radko, a blown-glass ornament (Exhibit 6) that is substantially similar to Plaintiff's unique and original rendition of EMERALD FROST (Exhibit 3) without Plaintiff's permission, and has misappropriated the character and uniqueness of Plaintiff's artwork.

30. Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## COUNT FIVE:

## UNJUST ENRICHMENT

31. Plaintiff repeats and re-alleges Paragraphs 1 through 30 as if fully set forth herein.

32. Plaintiff is, and has at all times been, the copyright owner of exclusive rights in and to THE FLIGHT OF SAINT NICHOLAS and EMERALD FROST (Exhibits 2 and 3).

33. Defendants listed herein, by the actions alleged above, have, upon information and belief, collected monies and may continue to collect monies related to each Defendant's blown-glass ornament design interest in connection with the artwork FLIGHT OF SAINT NICHOLAS (Exhibit 2). Based on each Defendant's willful and intentional infringement of Plaintiff's rights in and to FLIGHT OF SAINT NICHOLAS, each Defendant listed herein has been unjustly enriched with monies that in justice and fairness belong to Plaintiff. Plaintiff has been deprived of monies and opportunities to design, produce, market and sell his own ornament based on his artwork that rightfully belong to him and has suffered loss.

34. Defendants listed herein, by the actions alleged above, have, upon information and belief, collected monies and may continue to collect monies related to each Defendant's blown-glass ornament design interest in connection with the artwork EMERALD FROST (Exhibit 3). Based on each Defendant's willful and intentional infringement of Plaintiff's rights in and to EMERALD FROST, each Defendant listed herein has been unjustly enriched with monies that in justice and fairness belong to Plaintiff. Plaintiff has been deprived of monies and opportunities to design, produce, market and sell his own ornament based on his artwork

that rightfully belong to him and has suffered loss.

35. To prevent unjust enrichment, each Defendant listed herein should be required to identify, account for, and provide full restitution of his ill-gotten gains to Plaintiff. Each Defendant listed herein should be ordered to pay all such sums to Plaintiff, together with interest thereon and pay reasonable attorneys' fees and costs.

36. Plaintiff has suffered damage that cannot be adequately remedied at law in that Plaintiff cannot now design, produce, market or sell ornaments based on his artwork without appearing to the public to infringe on Defendants' blown-glass ornaments.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests and prays this Honorable Court to enter a judgment against Defendants as follows:

(1) for injunctive relief against further infringement by either Defendant of Plaintiff's copyrighted works under 17 U.S.C. 502;

(2) for a finding of willful infringement under 17 U.S.C. 504(c)(2);

(3) for statutory damages for each infringement of each work by each Defendants pursuant to 17 U.S.C. § 504, statutory damages to be trebled pursuant to 17 U.S.C. § 504(c)(2), or, in the alternative, for disgorgement of all monies collected by each Defendant in restitution for infringing on Plaintiff's copyrighted works together with interest to be calculated from the earliest date such monies were collected by Defendants;

(4) for an award of court costs and reasonable attorneys' fees to Plaintiff

under 17 U.S.C. 505;

(5) for such other and further relief as the Court may deem to be just and proper.

Dated:    11 October 2007    Respectfully submitted,

DELAIN & LIEBERT, PLLC
By: Nancy Baum Delain, Esq.
Bar No. ND9920
400 Clifton Corporate Pkwy.
Suite 470
Clifton Park, NY 12065

Telephone: 518-371-4599
Facsimile: 518-874-5086

Email: nbdelain@ipattorneyfirm.com

**Exhibits**

**Exhibit 1**

North Carolina Secretary of State                                          05/03/2007 05:13 PM



*Elaine F. Marshall*
*Secretary*

**North Carolina**
# DEPARTMENT OF THE SECRETARY OF STATE
PO Box 29622  Raleigh, NC 27626-0622  (919)807-2000

**CORPORATIONS**

Corporations Home
Search By Corporate Name
Search For New Corporation
Search By Registered Agent
Important Notice
Corporations FAQ
Tobacco Manufacturers
Dissolution Reports
Non-Profit Reports
Verify Certification
Online Annual Reports

**LINKS & LEGISLATION**

KBBE B2B Annual Reports
SOSID Number Correction
2001 Bill Summaries
1999 Senate Bills
Annual Reports 1997
Corporations 1997
Register for E-Procurement
Dept. of Revenue

**ONLINE ORDERS**

Start An Order
New Payment Procedures

**CONTACT US**

Corporations Division
Secretary of State's web site

**TOOLS**

Secretary of State Home
Secretary of State Site Map
Printable Page

Date: 5/3/2007

Click here to:

**View Document Filings |**
Print a pre-populated Annual Report Form | Annual Report
Count | File an Annual Report |

**Corporation Names**

| Name | Name Type |
|------|-----------|
| **NC** RAUCH CORPORATION | Legal |

**Business Corporation Information**

| | |
|---|---|
| **SOSID:** | 0362403 |
| **Status:** | Current-Active |
| **Date Formed:** | 11/20/1995 |
| **Citizenship:** | Domestic |
| **State of Inc.:** | NC |
| **Duration:** | Perpetual |

**Registered Agent**

| | |
|---|---|
| **Agent Name:** | Goff, Jr., William H. |
| **Registered Office Address:** | 3769 Mill Run Road Terrell NC 28682 |
| **Registered Mailing Address:** | 3769 Mill Run Road Terrell NC 28682 |
| **Principal Office Address:** | 3769 Mill Run Rd Terrell NC 28682 |
| **Principal Mailing Address:** | 3769 Mill Run Rd Terrell NC 28682 |

**Stock**

| Class | Shares | No Par Value | Par Value |
|-------|--------|--------------|-----------|
| COMMON | 1000 | Yes | N/A |

http://www.secretary.state.nc.us/corporations/Corp.aspx?PItemId=4772461

North Carolina Department of State Corporate Database Printout: 3 May 2007

## Exhibit 2



http://reasonstobelieve.com/Merchant2/merchant.mv?Screen=PROD&Product_Code=kffosn&Category_Code=PIC                                        Page 1 of :

A web-based rendition of Plaintiff's original artwork for the purposes of Pleading only. The original artwork will be substituted.

**Exhibit 3**



A web-based rendition of Plaintiff's original artwork for the purposes of Pleading only. The original artwork will be substituted.

**Exhibit 4a**

## Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1–412–328

EFFECTIVE DATE OF REGISTRATION

03    14    07

---

**1** Title of This Work ▼

Flight of St. Nicholas

NATURE OF THIS WORK ▼ See instructions

Color Drawing/Print

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.

Collected Works of Kevin D. Fisher:Volume 1 (Published 2007)

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**

**a**  NAME OF AUTHOR ▼

Kevin D. Fisher

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼
1963

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR {  Citizen of     USA
        Domiciled in  USA

Was This Author's Contribution to the Work
Anonymous?      ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

NOTE

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph    ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design    ☐ Architectural work

**b**  Name of Author ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR {  Citizen of
        Domiciled in

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was This Author's Contribution to the Work
Anonymous?      ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph    ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design    ☐ Architectural work

---

**3**

**a** Year in Which Creation of This Work Was Completed
1996

**b** Date and Nation of First Publication of This Particular Work
Month OCTOBER   Day 31   Year 1996
Nation USA

---

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

Kevin D. Fisher, 292 Division St., Amsterdam, NY 12010

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
MAR 14 2007
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
MAR 14 2007
FUNDS RECEIVED

---

MORE ON BACK ▶   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
                 • See detailed instructions.   • Sign the form at line 8.

Page 1 of ___ Pages

---

Copyright Registration Certificate: *Flight of Saint Nicholas*, Pg. 1

## Exhibit 4a (cont'd)



Copyright Registration Certificate: *Flight of Saint Nicholas*, Pg. 2

**Exhibit 4b**



Copyright Registration Certificate: *Emerald Frost*, Pg. 1

**Exhibit 4b (cont'd)**



Copyright Registration Certificate: *Emerald Frosts*, Pg. 2

**Exhibit 5**



CLOSE

Defendants' Web-based catalog photograph of Defendant's accused work

**Exhibit 6**



Defendants' Web-based catalog photograph of Defendant's accused work