UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

KEVIN D. FISHER, a natural person,

                                       Plaintiff,

v.

CHRISTOPHER RADKO, a natural person,

RAUCH CORPORATION
        a North Carolina Corporation,

                                   Defendants.

_____

COMPLAINT

**07 CIV. 9239**

Index No.: _____

**JUDGE ROBINSON**

**JURY TRIAL
DEMANDED**

## JURISDICTION AND VENUE

1. This is a civil action for damages for copyright infringement under the Copyright Act (17 U.S.C. § 101 et seq.) and unjust enrichment.

2. This Court has jurisdiction over this action under 28 U.S.C. 1331 and 1338.

3. Venue is proper in this District under 28 U.S.C. 1391(b) in that a substantial part of the acts of infringement complained of herein occurred in New York and in this District, and Defendants either reside and/or conduct business in New York and in this District.

## THE PARTIES

4. Kevin D. Fisher, the Plaintiff herein, is an individual residing in Amsterdam, New York; he is an artist and graphic designer whose self-directed or freelance work concentrates on holiday themes.

5. Christopher Radko, Defendant(1) herein, is a famous designer of Christmas tree and other blown glass ornaments and, upon information and belief, he has associated with Rauch Corporation, Defendant(2) herein, for the purposes of marketing, manufacturing, distributing and selling blown-glass ornaments, specifically Christmas ornaments. Mr. Radko, upon information and belief, resides and/or has a place of business in Tarrytown, New York.

6. Upon information and belief, defendant Rauch Corporation (Defendant2) is a North Carolina Corporation with a principal place of business in Gastonia, NC, and currently owns or partially owns and operates CHRISTOPHER RADKO, a division of the Corporation engaged in the design, manufacture, distribution and sale of blown-glass ornaments, specifically Christmas ornaments, that have the approval or imprimatur of Christopher Radko (Defendant1). William H. Goff, Jr., of Terrell, NC, is indicated on the rolls of the North Carolina Secretary of State as the Registered Agent of the Corporation (Exhibit 1). Rauch Corporation, upon information and belief, sells and distributes Christopher Radko ornaments in New York.

## GENERAL STATEMENT OF FACTS

7. Plaintiff repeats and re-alleges Paragraphs 1-6 as if fully set forth herein.

8. Plaintiff is the artist of an original rendition of Santa Claus entitled FLIGHT OF SAINT NICHOLAS (Exhibit 2), for which a valid Certificate of Copyright Registration has been issued by the Register of Copyrights to Plaintiff as Registration VA 1-412-320 (Exhibit 4a). FLIGHT OF SAINT NICHOLAS is marketed and sold by Plaintiff both online and offline. The work was originally published in October, 1998 as a lithographic print.

9. Plaintiff is the artist of an original rendition of Saint Nicholas entitled EMERALD FROST (Exhibit 3), for which a valid Certificate of Copyright Registration has been issued by the Register of Copyrights to Plaintiff as Registration VA 1-412-319 (Exhibit 4b). A lithographic rendition of EMERALD FROST is marketed and sold by Plaintiff. The work was originally published in October, 2000 as a lithographic print.

10. Plaintiff has held valid copyright under 17 U.S.C. 102(a)(5) in FLIGHT OF SAINT NICHOLAS (Exhibit 2) since he placed his rendition into a tangible medium in October 1998, and in EMERALD FROST (Exhibit 3) since he placed his rendition into a tangible medium in October 2000.

11. There is not and has never been any licensing or other agreement, or assignment of copyright regarding FLIGHT OF SAINT NICHOLAS (Exhibit 2) or EMERALD FROST (Exhibit 3) in place between Plaintiff and Defendants.

12. Defendant1 is aware of Plaintiff's work because, for five (5) consecutive years, namely 1997 through 2001, Plaintiff participated in and won a competition that Defendant1 holds annually for artists working with Christmas themes. That competition requires that artists assign copyright to Defendant1 for works entered into the competition. Plaintiff never entered THE FLIGHT OF SAINT NICHOLAS or EMERALD FROST into Defendant1's competition.

13. Defendant1 Christopher Radko had access to Plaintiff's unique and original artwork in THE FLIGHT OF SAINT NICHOLAS and EMERALD FROST (Exhibits 2 and 3, respectively) at a public exhibition of Plaintiff's work in 2002.

14. Defendant1 Christopher Radko had access to Plaintiff's unique and original artwork in THE FLIGHT OF SAINT NICHOLAS (Exhibit 2) when Plaintiff applied for a job with Defendant1 and used a rough sketch of the work (then in progress) as part of his supporting portfolio.

## COUNT ONE:
## COPYRIGHT INFRINGEMENT
### (as to Christopher Radko)

15. Plaintiff repeats and re-alleges Paragraphs 1 through 14 as if fully set forth herein.

16. Plaintiff is, and has at all times been, the copyright owner of exclusive rights in and to THE FLIGHT OF SAINT NICHOLAS and EMERALD FROST (Exhibits 2 and 3).

17. Plaintiff is informed and believes that Defendant1 has designed, produced, marketed, distributed and sold within the United States, in conjunction with Rauch Corporation, a blown-glass ornament (Exhibit 5) that is substantially similar to Plaintiff's unique and original rendition of FLIGHT OF SAINT NICHOLAS (Exhibit 2) without Plaintiff's permission, and has misappropriated the character and uniqueness of Plaintiff's artwork.

18. Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## COUNT TWO:
## COPYRIGHT INFRINGEMENT
### (as to Christopher Radko)

19. Plaintiff repeats and re-alleges Paragraphs 1 through 18 as if fully set forth herein.

20. Plaintiff is, and has at all times been, the copyright owner of exclusive rights in and to THE FLIGHT OF SAINT NICHOLAS and EMERALD FROST (Exhibits 2 and 3).

21. Plaintiff is informed and believes that Defendant1 has designed, produced, marketed, distributed and sold within the United States, in conjunction with Rauch Corporation, a blown-glass ornament (Exhibit 6) that is substantially similar to Plaintiff's unique and original rendition of EMERALD FROST (Exhibit 3) without Plaintiff's permission, and has misappropriated the character and uniqueness of Plaintiff's artwork.

22. Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## COUNT THREE:
## COPYRIGHT INFRINGEMENT
### (as to Rauch Corporation)

23. Plaintiff repeats and re-alleges Paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff is, and has at all times been, the copyright owner of exclusive rights in and to THE FLIGHT OF SAINT NICHOLAS and EMERALD FROST (Exhibits 2 and 3).

25. Plaintiff is informed and believes that Defendant2 has designed, produced, marketed, distributed and sold within the United States, in conjunction with Christopher Radko, a blown-glass ornament (Exhibit 5) that is substantially similar to Plaintiff's unique and original rendition of FLIGHT OF SAINT NICHOLAS (Exhibit 2) without Plaintiff's permission, and has misappropriated the character and uniqueness of Plaintiff's artwork.

26. Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## COUNT FOUR:
## COPYRIGHT INFRINGEMENT
## (as to Rauch Corporation)

27. Plaintiff repeats and re-alleges Paragraphs 1 through 26 as if fully set forth herein.

28. Plaintiff is, and has at all times been, the copyright owner of exclusive rights in and to THE FLIGHT OF SAINT NICHOLAS and EMERALD FROST (Exhibits 2 and 3).

29. Plaintiff is informed and believes that Defendant2 has designed, produced, marketed, distributed and sold within the United States, in conjunction with Christopher Radko, a blown-glass ornament (Exhibit 6) that is substantially similar to Plaintiff's unique and original rendition of EMERALD FROST (Exhibit 3) without Plaintiff's permission, and has misappropriated the character and uniqueness of Plaintiff's artwork.

30. Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## COUNT FIVE:
## UNJUST ENRICHMENT

31. Plaintiff repeats and re-alleges Paragraphs 1 through 30 as if fully set forth herein.

32. Plaintiff is, and has at all times been, the copyright owner of exclusive rights in and to THE FLIGHT OF SAINT NICHOLAS and EMERALD FROST (Exhibits 2 and 3).

33. Defendants listed herein, by the actions alleged above, have, upon information and belief, collected monies and may continue to collect monies related to each Defendant's blown-glass ornament design interest in connection with the artwork FLIGHT OF SAINT NICHOLAS (Exhibit 2). Based on each Defendant's willful and intentional infringement of Plaintiff's rights in and to FLIGHT OF SAINT NICHOLAS, each Defendant listed herein has been unjustly enriched with monies that in justice and fairness belong to Plaintiff. Plaintiff has been deprived of monies and opportunities to design, produce, market and sell his own ornament based on his artwork that rightfully belong to him and has suffered loss.

34. Defendants listed herein, by the actions alleged above, have, upon information and belief, collected monies and may continue to collect monies related to each Defendant's blown-glass ornament design interest in connection with the artwork EMERALD FROST (Exhibit 3). Based on each Defendant's willful and intentional infringement of Plaintiff's rights in and to EMERALD FROST, each Defendant listed herein has been unjustly enriched with monies that in justice and fairness belong to Plaintiff. Plaintiff has been deprived of monies and opportunities to design, produce, market and sell his own ornament based on his artwork

that rightfully belong to him and has suffered loss.

35. To prevent unjust enrichment, each Defendant listed herein should be required to identify, account for, and provide full restitution of his ill-gotten gains to Plaintiff. Each Defendant listed herein should be ordered to pay all such sums to Plaintiff, together with interest thereon and pay reasonable attorneys' fees and costs.

36. Plaintiff has suffered damage that cannot be adequately remedied at law in that Plaintiff cannot now design, produce, market or sell ornaments based on his artwork without appearing to the public to infringe on Defendants' blown-glass ornaments.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests and prays this Honorable Court to enter a judgment against Defendants as follows:

(1) for injunctive relief against further infringement by either Defendant of Plaintiff's copyrighted works under 17 U.S.C. 502;

(2) for a finding of willful infringement under 17 U.S.C. 504(c)(2);

(3) for statutory damages for each infringement of each work by each Defendants pursuant to 17 U.S.C. § 504, statutory damages to be trebled pursuant to 17 U.S.C. § 504(c)(2), or, in the alternative, for disgorgement of all monies collected by each Defendant in restitution for infringing on Plaintiff's copyrighted works together with interest to be calculated from the earliest date such monies were collected by Defendants;

(4) for an award of court costs and reasonable attorneys' fees to Plaintiff

under 17 U.S.C. 505;

(5) for such other and further relief as the Court may deem to be just and proper.

Dated: _____11 October 2007_____  Respectfully submitted,

*[signature]*

**DELAIN & LIEBERT, PLLC**
By: Nancy Baum Delain, Esq.
Bar No. ND9920
400 Clifton Corporate Pkwy.
Suite 470
Clifton Park, NY 12065

Telephone: 518-371-4599
Facsimile: 518-874-5086

Email: nbdelain@ipattorneyfirm.com