UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEVIN D. FISHER, a natural person,

           Plaintiff,

v.

CHRISTOPHER RADKO, a natural person,

RAUCH CORPORRATION
    a North Carolina Corporation,

           Defendants.

INDEX NO. 07-civ-9239
Judge Robinson

---

### AFFIDAVIT OF MATTHEW S. NELLES IN SUPPORT OF MOTION TO DISMISS COUNT FIVE FOR UNJUST ENRICHMENT

BEFORE ME, the undersigned Notary Public, personally appeared Matthew S. Nelles, who, being duly sworn, deposes and says under oath as follows:

As attorney for Defendant, Christopher Radko, and in support of Defendant Radko's Motion to Dismiss Count Five of the Complaint for Unjust Enrichment, states that the facts contained in said motion and incorporated memorandum of law are true and correct to the best of his knowledge and belief.

                              _____
                              Matthew S. Nelles

Sworn and subscribed to before me this 19th day of February, 2008, at Fort Lauderdale, Broward County, FL.



Barbara J. Mishkin
Commission # DD473129
Expires October 27, 2009
Bonded Troy Fain · Insurance, Inc 800-355-7019

Barbara J. Mishkin
Barbara J. Mishkin

FTL:2563725:1

1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

KEVIN D. FISHER, a natural person,

                Plaintiff,

v.                               INDEX NO.  07-civ-9239 (SCR)

CHRISTOPHER RADKO, a natural person,

RAUCH CORPORATION
       a North Carolina Corporation,

                Defendants.
_____

## MOTION TO DISMISS COUNT FIVE FOR UNJUST ENRICHMENT

      Defendant, Christopher Radko, respectfully moves this Court, pursuant to Fed. R. of Civ. P. 12(b)(6), to dismiss Count Five for Unjust Enrichment and as grounds therefore states:

### Background

      Plaintiff, Kevin D. Fisher, filed a five-count Complaint alleging that Defendants copied his renditions of "Flight of Saint Nicholas" and "Emerald Frost."  Plaintiff claims that Radko and codefendant Rauch Corporation produced and distributed blown glass ornaments that are substantially similar to his renditions.

      Counts 1-4 of the Complaint assert claims for copyright infringement against Radko and Rauch.  However, Count Five asserts a claim against Defendants for unjust enrichment.  Because this state law claim is clearly preempted by federal copyright law, Count Five should be dismissed.

## **Argument**

Section 301(a) of the Copyright Act, 17 U.S.C. § 301, provides:

> (a) On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 ... are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

In <u>Strauss v. Hearst Corp.</u>, 1998 WL 18932 (S.D.N.Y. 1998), this Court stated:

> The test for congruence between state and federal rights has been stated by Professor Nimmer:
>
> [A] right which is "equivalent to copyright" is one which is infringed by the mere act of reproduction, performance, distribution or display.... If under state law the act of reproduction, performance, distribution or display ... will *in itself* infringe the state created right, then such right is preempted. But if other elements are required, in addition to or instead of, the acts of reproduction, performance, distribution or display, in order to constitute a state created cause of action, then the right does not lie "within the general scope of copyright," and there is no preemption.
>
> 1 Nimmer on Copyright § 1.01[B] at 1-11-12 (emphasis in original). The test described by Nimmer has been well received by the courts. (citations omitted).

<u>Id.</u> at *7. After explaining the requirements for alleging and proving an unjust enrichment claim under New York law, the court reasoned as follows:

> If in fact Hearst's use of the fishing tackle photograph in the insert infringed a copyright owned by Strauss, then it is possible to say, in a general sense, that Hearst was unjustly enriched at the expense of Strauss, the copyright holder. However, such "unjust enrichment" is the injury that all copyright holders suffer in the event that their exclusive rights to control the reproduction and display of their works are transgressed. To repeat Nimmer, *supra* at 1-11-12,"If under state law the act of reproduction, performance, distribution or display ... will *in itself* infringe the state

FTL:2563282:1

2

>created right, then such right is preempted." Plaintiff's rights asserted here are not "qualitatively different" or "different in kind" from those protected by the Copyright Act and are therefore preempted by federal law.

Id. at *10; see Ronald Litoff, Ltd. v. American Express Co., 621 F. Supp. 981, 986 (S.D.N.Y. 1985) ("[P]laintiffs' claim for unjust enrichment seeks redress for the alleged use of photographs of and imitation of plaintiffs' pendants. Those claims are the same rights of reproduction, distribution and display which plaintiffs seek to protect in their copyright claim"); Universal City Studios, Inc. v. Nintendo Co. Ltd., 615 F. Supp. 838, 857 (S.D.N.Y. 1985) ("The state law claim of unjust enrichment through licensing of Donkey Kong is encompassed by the rights included in § 106. It is control over the right to reproduce Donkey Kong that Universal is alleged to have misappropriated and profitted from, and this right is the very essence of the copyright protection embodied in § 106"); Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 306 (2d Cir. 2004) (holding that unjust enrichment claim was preempted by federal copyright law).

In this case, Fisher claims in Count Five that Defendants have been unjustly enriched "based on (their) willful and intentional infringement of Plaintiff's rights," to wit copying his work. In essence, Plaintiff merely alleges in Count Five that Defendants were unjustly enriched because they copied his works. Because Plaintiff's unjust enrichment claim is not qualitatively different or different in kind from his copyright infringement claims, Count Five is preempted by 17 U.S.C. § 301(a) and should be dismissed.

WHEREFORE, Defendant, Christopher Radko, requests that the Court dismiss Count Five of the Complaint, and for such other and further relief as the Court deems appropriate.

FTL:2563282:1

3

Dated:   February 19, 2008

**/s/ Judith H. Weil**
Judith H. Weil
Epstein & Weil
225 Broadway, Suite 1203
New York, NY   10007

and

**/s/ Matthew S. Nelles**
Matthew S. Nelles
Florida Bar No.: 009245
RUDEN, McCLOSKY, SMITH,
SCHUSTER & RUSSELL, P.A
200 East Broward Boulevard
P.O. Box 1900
Ft. Lauderdale, Florida 33302
Phone: 954/527-2492; Fax: 954/333-4092
Email:  matt.nelles@ruden.com
Attorneys for Christopher Radko

FTL:2563282:1

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

KEVIN D. FISHER, a natural person,

                Plaintiff,

  v.                                      INDEX NO.  07-civ-9239
                                               Judge Robinson

CHRISTOPHER RADKO, a natural person,     **CERTIFICATE OF SERVICE**

RAUCH CORPORATION
       a North Carolina Corporation,

               Defendants.

---

I hereby certify that on February 19, 2008, I electronically filed the foregoing document with the Clerk of the Court using ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.


                                      **/s/ Judith H. Weil**
                                      Judith H. Weil
                                      .

**SERVICE LIST**


Nancy Baum Delain, Esq.
Delain Law Office, PLLC
400 Clifton Corporate Pkwy.
Suite 470

FTL:2563282:1

5

Clifton, NY   12065
Attorneys for Plaintiff

Damir Cefo, Esq.
Karen H. Bromberg, Esq.
Harvey Bernard Silikovitz, Esq.
Cohen & Gresser, LLP
100 Park Avenue, 23 Flr.
New York, NY   10017
Attorneys for Rauch Corporation