UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN D. FISHER, <br><br>      Plaintiff, <br><br>vs. <br><br>CHRISTOPHER RADKO, a natural person, <br><br>RAUCH CORPORATION, a North Carolina Corporation, <br><br>      Defendants | 07 Civ. 9239 (SCR) |

## DEFENDANT RAUCH INDUSTRIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 12, defendant Rauch Industries, Inc. ("Rauch"), incorrectly s/h/a Rauch Corporation, by its attorneys, Cohen & Gresser, LLP, as and for its answer and affirmative defenses to the complaint of Kevin D. Fisher ("Plaintiff") alleges as follows:

### JURISDICTION AND VENUE

1. Admits that Plaintiff purports to bring a claim for copyright infringement and unjust enrichment as set forth in this paragraph but denies that any valid claims are stated.

2. Admits that Plaintiff has subject matter jurisdiction over this action as set forth in this paragraph.

3. Denies the allegations as set forth in this paragraph except admits that venue is proper in this District.

### THE PARTIES

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in this paragraph and therefore denies such allegations.

5. Denies the allegations as set forth in this paragraph except admits that during the relevant time frame alleged in the complaint, Christopher Radko ("Radko") was a designer of Christmas tree and other blown glass ornaments, was associated with Rauch for the purposes of marketing, distributing, manufacturing and selling blown-glass ornaments and that Rauch has a place of business in Tarrytown, New York.

6. Denies the allegations as set forth in this paragraph except admits that Rauch is a North Carolina Corporation with a principal place of business in Gastonia, North Carolina, and that CHRISTOPHER RADKO is a division thereof that is engaged in design and wholesale of glass ornaments.

## GENERAL STATEMENT OF FACTS

7. Rauch refers to and incorporates its responses set forth above to each and every allegation in paragraphs 1-6 as if fully set forth herein.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in this paragraph and therefore denies such allegations.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in this paragraph and therefore denies such allegations.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in this paragraph and therefore denies such allegations.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in this paragraph and therefore denies such allegations except admits that Rauch has not entered into a licensing agreement with Plaintiff regarding FLIGHT OF SAINT NICHOLAS and/or EMERALD PORT.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in this paragraph and therefore denies such allegations.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in this paragraph and therefore denies such allegations.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in this paragraph and therefore denies such allegations.

## COUNT ONE:
## COPYRIGHT INFRINGEMENT
## (as to Christopher Radko)

15. Rauch refers to and incorporates its responses set forth above to each and every allegation in paragraphs 1-14 as if fully set forth herein

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in this paragraph and therefore denies such allegations.

17. Denies the allegations as set forth in this paragraph except admits that Rauch sold the ornament depicted in Exhibit 5.

18. Denies the allegations as set forth in this paragraph.

## COUNT TWO:
## COPYRIGHT INFRINGEMENT
## (as to Christopher Radko)

19. Rauch refers to and incorporates its responses set forth above to each and every allegation in paragraphs 1-18 as if fully set forth herein.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in this paragraph and therefore denies such allegations.

21. Denies the allegations as set forth in this paragraph except admits that Rauch sold the ornament depicted in Exhibit 6.

22. Denies the allegations as set forth in this paragraph.

## COUNT THREE
## COPYRIGHT INFRINGEMENT
## (as to Rauch Corporation)

23. Rauch refers to and incorporates its responses set forth above to each and every allegation in paragraphs 1-22 as if fully set forth herein.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in this paragraph and therefore denies such allegations.

25. Denies the allegations as set forth in this paragraph except admits that Rauch sold the ornament depicted in Exhibit 5.

26. Denies the allegations as set forth in this paragraph.

## COUNT FOUR
## COPYRIGHT INFRINGEMENT
## (as to Rauch Corporation)

27. Rauch refers to and incorporates its responses set forth above to each and every allegation in paragraphs 1-26 as if fully set forth herein.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in this paragraph and therefore denies such allegations.

29. Denies the allegations as set forth in this paragraph except admits that Rauch sold the ornament depicted in Exhibit 6.

30. Denies the allegations as set forth in this paragraph.

## COUNT FIVE
## UNJUST ENRICHMENT

31. Rauch refers to and incorporates its responses set forth above to each and every allegation in paragraphs 1-30 as if fully set forth herein.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in this paragraph and therefore denies such allegations.

33. Denies the allegations as set forth in this paragraph except admits that Rauch collected monies from the sale of the products depicted in Exhibits 5 and 6.

34. Denies the allegations as set forth in this paragraph except admits that Rauch collected monies from the sale of the products depicted in Exhibits 5 and 6.

35. Denies the allegations as set forth in this paragraph.

36. Denies the allegations as set forth in this paragraph.

## AFFIRMATIVE DEFENSES

### First Defense

37. The complaint fails to state a claim upon which relief may be granted.

### Second Defense

38. Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

### Third Defense

39. Some or all of Plaintiff's claims are barred by the doctrine of laches.

### Fourth Defense

40. Plaintiff's state law claim is preempted by the Copyright Act.

### Fifth Defense

41. Rauch's actions constitute permissible copying of Plaintiff's alleged copyrighted materials pursuant to 17 U.S.C. §117.

## Sixth Defense

42.     Plaintiff's copyright claims are barred in whole or in part because Plaintiff's copyrighted work lacks originality.

Dated: February 19, 2008

COHEN & GRESSER LLP

By: _____
Karen H. Bromberg (KB 2153)
Alexandra Wald (AW 0225)
Damir Cefo (DC 1507)
100 Park Avenue, 23rd Floor
New York, New York 10017
Telephone: (212) 757-7600
Facsimile:  (212) 957- 4514
kbromberg@cohengresser.com
awald@cohengresser.com
dcefo@cohengresser.com

*Attorneys for the Defendant Rauch Industries, Inc. s/h/a Rauch Corporation*