UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN D. FISHER,
        a natural person,

              *Plaintiff*,        Index No.: 7:07-cv-9239 (SCR)

vs.

CHRISTOPHER RADKO,
        a natural person,       **OPPOSITION TO DEFENDANT RADKO'S MOTION TO**

RAUCH INDUSTRIES,       **DISMISS COUNT 5 OF THE**
        a North Carolina Corporation,    **COMPLAINT**

              *Defendants*.

NOW COMES Plaintiff, Kevin D. Fisher, by and through his attorneys Delain & Liebert, PLLC, Nancy Baum Delain, Esq., of record, and respectfully prays this Court to deny Defendant Christopher Radko's motion to dismiss Count Five for Unjust Enrichment for the reasons stated below:

**BACKGROUND**

The background as stated in Defendant Radko's motion is generally accurate and hence will not be repeated here. However, under Count Five of the Plaintiff's Complaint, styled "Unjust Enrichment," Plaintiff also alleges an element of consumer confusion caused by Defendants passing off Plaintiff's work as their own. This conduct, which is tantamount to a deceptive practice, is not addressed by federal copyright law. Therefore,

1

Plaintiff's Unjust Enrichment claim must stand because it passes the extra element test by setting forth the offending conduct described above.

# ARGUMENT

Section 301(a) of the Copyright Act, which addresses preemption of common law or state statute by federal copyright law, provides:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103,…, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State. 17 U.S.C. § 301(a).

However, this provision in federal copyright law is not unqualified, having multiple exceptions. Most relevant to Plaintiff's claim is 17 U.S.C. § 301(b)(3), which states that:

> Nothing in this title annuls or limits any rights or remedies under the common law or statutes of any State with respect to activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106.

To determine whether a claim involves a legal or equitable right that is not preempted by copyright law, this Court has applied an extra element test to determine if there is an element required in addition to or instead of those which are required to prove copyright infringement. *See generally* Lone Wolf McQuade Associates v. CBS, Inc., 961 F.Supp. 587 (S.D.N.Y. 1997); American Movie Classics Co. v. Turner Entertainment Co., 922 F.Supp. 926, (S.D.N.Y. 1996); Tracy v. Skate Key, Inc., 697 F.Supp. 748,

(S.D.N.Y. 1988). Claims made under a theory of unjust enrichment have been held to be preempted by federal copyright law. Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 306 (2d Cir. 2004). However, when a defendant misleads others into believing that someone else's work is their own, the answer is not as clear as Defendant Radko claims. American Movie Classics Co. v. Turner Entertainment Co., 922 F.Supp. 926, 934 (S.D.N.Y. 1996) (court held that reverse passing off was equivalent to copyright infringement); Tracy v. Skate Key, Inc., 697 F.Supp. 748, (S.D.N.Y. 1988) (holding that reverse passing off involves an element of deception, which is an extra element beyond what is necessary to prove copyright infringement).

In this case, Defendant Radko correctly notes in his motion to dismiss that the Plaintiff has alleged unjust enrichment, but pays no attention whatsoever to Plaintiff's claims of consumer confusion and deception, specifically that "Plaintiff cannot now design, produce, market or sell ornaments…without *appearing to the public* to infringe on Defendants' blown-glass ornaments." (Emphasis added). Further, Plaintiff lacks an adequate remedy at law because New York State's General Business Law § 349(h), which allows persons other than the Attorney General's Office to file suit to enjoin deceptive practices, provides only a monetary remedy. In addition, federal copyright law does not provide corrective advertising as a remedy to counteract consumer confusion. 17 U.S.C. §§ 502-505. As such, Plaintiff has properly pled consumer confusion as an extra element beyond copyright infringement; thus the claim for unjust enrichment is not preempted by 17 U.S.C. § 301(a) and should not be dismissed.

WHEREFORE, Plaintiff Kevin D. Fisher requests that the Court deny Defendant Christopher Radko's motion to dismiss Count Five of the Complaint, and for such further and other relief as is deemed just and proper by the Court.

Dated: _____March 4, 2008_____

Respectfully submitted,
**DELAIN & LIEBERT, PLLC**

_____
By: Nancy Baum Delain, Esq.
Attorneys for PLAINTIFF
400 Clifton Corporate Parkway, Suite 470
Clifton Park, NY 12065

Tel: 518-371-4599
Fax: 518-874-5086

Email: nbdelain@ipattorneyfirm.com

4