UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN D. FISHER, a natural person,

    Plaintiff,

v.   INDEX NO. 07-civ-9239 (SCR)

CHRISTOPHER RADKO, a natural person,

RAUCH CORPORATION
    a North Carolina Corporation,

    Defendants.

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CHRISTOPHER RADKO AND CROSSCLAIM AGAINST RAUCH

Defendant, Christopher Radko, answers the Complaint of Kevin Fisher, and states:

### JURISDICTION AND VENUE

1. Admitted only that Plaintiff claims copyright infringement and unjust enrichment, but denied that Radko is liable for same.

2. Admitted.

3. Admitted only that venue is proper in this District.

### THE PARTIES

4. Without knowledge and therefore denied.

5. Admitted only that Radko has designed Christmas tree and other blown glass ornaments and that he lives in Tarrytown, New York. Without knowledge as to the

FTL:2710260:1

1

nature and meaning of Plaintiff's allegation that Radko "associated with Rauch Corporation," and therefore denied. Denied as to all remaining allegations.

6. Admitted only that Rauch is a North Carolina corporation with its principal place of business in Gastonia, N.C., which designs, manufactures, distributes and sells Christmas ornaments. Denied as to all remaining allegations, including Plaintiff's allegation that Rauch's ornaments are approved by Radko.

## GENERAL STATEMENT OF FACTS

7. Radko repeats and reasserts its defenses to paragraphs 1-6 above.

8. Without knowledge and therefore denied.

9. Without knowledge and therefore denied.

10. Without knowledge and therefore denied.

11. Admitted only as to Radko. Without knowledge as to Rauch.

12. Denied. Specifically denied that Radko ever held a competition or that Radko is aware of Plaintiff.

13. Without knowledge concerning the alleged "public exhibition," and therefore denied as to all allegations.

14. Denied.

## COUNT ONE:
## COPYRIGHT INFRINGEMENT
### (as to Christopher Radko)

15. Radko repeats and reasserts his defenses to paragraphs 1-14 above.

16. Without knowledge and therefore denied.

17. Denied.

18. Denied.

## COUNT TWO:
## COPYRIGHT INFRINGEMENT
### (as to Christopher Radko)

19. Radko repeats and reasserts his defenses to paragraphs 1-18 above.

20. Without knowledge and therefore denied.

21. Denied.

22. Denied.

## COUNT THREE:
## COPYRIGHT INFRINGEMENT
### (as to Rauch Corporation)

23-26. This Count is not directed to Radko. In an abundance of caution, Radko denies these allegations.

## COUNT FOUR:
## COPYRIGHT INFRINGEMENT
### (as to Rauch Corporation)

27-30. This Count is not directed to Radko. In an abundance of caution, Radko denies these allegations.

## COUNT FIVE:
## UNJUST ENRICHMENT

31-36. Radko files, concurrently herewith, a Motion to Dismiss Count Five based on copyright preemption.

WHEREFORE, Defendant, Christopher Radko, requests that the Court deny all of Plaintiff's prayers for relief and enter judgment in Radko's favor as to all Counts directed toward him. Radko also requests that the Court award him his attorneys' fees pursuant to 17 U.S.C. § 505.

FTL:2710260:1

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, estoppel and/or waiver.

2. Defendants are not liable because their use, if any, of the copyrighted works are considered fair use.

3. Plaintiff's claim for unjust enrichment under Count Five fails to state a claim because it is barred by copyright preemption.

4. Plaintiff's copyrights and copyright registrations are invalid and unenforceable.

5. The allegedly infringing works were independently created by Defendants.

6. The allegedly infringing works are not substantially similar to any of Plaintiff's works.

7. One or more of the Defendants are the rightful owners of the copyrights in and to Plaintiff's works, and thus Plaintiff's registrations are invalid.

## CROSSCLAIM AGAINST RAUCH INDUSTRIES, INC.

Defendant, Christopher Radko, files this Crossclaim against Rauch Industries, Inc. ("Rauch") and alleges:

1. Jurisdiction and venue are grounded on the Complaint and Rauch's appearance in this action.

2. At all material times and with respect to all allegations in the Complaint, Radko was a director, officer and employee of Rauch acting within the course and scope of his employment and in furtherance of Rauch's interests.

3. As a material inducement to Radko's employment, Rauch promised, both expressly and impliedly, to indemnify Radko for any and all claims made against him in connection with his employment.

4. Specifically, the Employment and Non-Competition Agreement between Radko and Rauch dated March 9, 2005 (the "Agreement"), a copy of which is attached hereto, contains an indemnification provision, paragraph 17, that states:

> <u>Indemnity</u>. Employee shall be entitled to indemnification from Employer with respect to his services for Employer and his acts or decisions in connection therewith as may be available to Employee as a matter of law....

5. An express condition of Radko's employment was that Radko serve as an officer and member of the board of directors of Rauch.

6. Radko relied upon the above promises in accepting employment with Rauch.

7. Rauch represented to Radko and its other officers and directors that it would duly protect, hold harmless and indemnify all officers and directors against claims by a third party arising out of such director's or officer's acts and omissions in connection with Rauch and that it would provide the cost of defending any action in which such allegations were made.

8. Rauch made representations to Radko that it had obtained insurance that would ensure that Radko and its other officers and directors would be duly defended, held harmless and indemnified in the event of claims by a third party arising out of such director's or officer's acts and omissions in connection with Rauch.

9. Radko relied on such representations in agreeing to serve and in serving as an officer and director of Rauch.

10. Rauch has breached its express and implied promises to indemnify Radko, and has caused Radko to incur substantial damages.

11. Radko denies all allegations of wrongdoing set forth in the Complaint.

12. However, in the event Radko is held liable to Plaintiff, then Rauch is accordingly liable to Radko.

## COUNT I
## CONTRACTUAL INDEMNITY

13. Radko realleges paragraphs 1-12 as though set forth in full herein.

14. Rauch is liable to Radko for contractual indemnity.

WHEREFORE, Radko demands a judgment for damages against Rauch, plus costs.

## COUNT II
## COMMON LAW INDEMNITY

15. Radko realleges paragraphs 1-12 as though set forth in full herein.

16. Rauch is liable to Radko for common law indemnity.

WHEREFORE, Radko demands a judgment for damages against Rauch, plus costs.

## COUNT III
## BREACH OF FIDUCIARY DUTY

17. Radko realleges paragraphs 1-12 as though set forth in full herein.

18. Rauch has a fiduciary duty to indemnify Radko, who was a director, officer and employee of Rauch, in connection with his actions conducted in the course and scope of his employment and in furtherance of Rauch's interests.

FTL:2710260:1

WHEREFORE, Radko demands a judgment for damages against Rauch, plus costs.

## COUNT IV
## BREACH OF CONTRACT

19. Radko realleges paragraphs 1-12 as though set forth in full herein.

20. Rauch breached its promise to indemnify Radko with respect to his services for Rauch and his acts and decisions in connection therewith.

WHEREFORE, Radko demands a judgment for damages against Rauch, plus costs.

## COUNT V
## QUASI CONTRACT and ESTOPPEL

21. Radko realleges paragraphs 1-12 as though set forth in full herein.

22. Rauch's representations as to indemnification and its additional representations as to obtaining insurance to indemnify and hold Radko harmless against the claims of third parties constitute an implied obligation to indemnify and hold Radko harmless from the allegations contained in the Complaint in this action and estop Rauch from failing to meet its obligations to provide such indemnification and defense.

23. Rauch has breached its promise to indemnify and hold Radko harmless, and has caused Radko to incur substantial damages.

WHEREFORE, Radko demands a judgment for damages against Rauch, plus costs.

Dated:   May 28, 2008

**/s/ Judith H. Weil**

Judith H. Weil
Epstein & Weil
225 Broadway, Suite 1203
New York, NY   10007

and

**/s/ Matthew S. Nelles**
Matthew S. Nelles
Florida Bar No.: 009245
RUDEN, McCLOSKY, SMITH,
SCHUSTER & RUSSELL, P.A
200 East Broward Boulevard
P.O. Box 1900
Ft. Lauderdale, Florida 33302
Phone: 954/527-2492; Fax: 954/333-4092
Email:  matt.nelles@ruden.com
Attorneys for Christopher Radko

FTL:2710260:1